```
RANDY S. GROSSMAN
United States Attorney
MARIO J. PEIA
Assistant U.S. Attorney
California State Bar No. 307503
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9706

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>ALAN LOMELI-LUNA,<br><br>              Defendant. | Case No. 22-CR-614-WQH<br><br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Mario J. Peia, Assistant United States Attorney, and defendant, ALAN LOMELI-LUNA, with the advice and consent of Jeremy Warren, counsel for defendant, as follows:

//
//
//
//
//
//
//

MJPE:3/25/2022

Def. Initials ALL

I

**THE PLEA**

A. THE CHARGE

Defendant agrees to plead guilty to the Information charging defendant with:

> Beginning on a date unknown, but no later than May 28, 2020, and continuing to on or about May 31, 2020, in an offense begun and committed out of the jurisdiction of any particular State and district, defendant ALAN LOMELI-LUNA, a/k/a "AL LM," "Uno Mas," "Esponja Edwin," and "SD NV," who was arrested in and first brought to the Southern District of California, while engaged in an offense punishable under Title 21, United States Code, sections 841(b)(1)(A) and 960(b)(1), to wit: (a) conspiracy to possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine and (b) conspiracy to import 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine; did intentionally kill an individual, to wit: M.A.R., and death resulted; in violation of Title 21, United States Code, Section 848(e)(1)(A).

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. In return for the Defendant's guilty plea, the government agrees not to bring any additional charges against the Defendant related to this offense.

B. RESTITUTION

Defendant acknowledges that restitution is mandatory as to Count 1. The attached restitution addendum shall govern restitution in this case.

II

**NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

    1. That an individual was intentionally killed;

2

20CR ALL

    2.    That the defendant killed the individual or that the defendant counseled, commanded, induced, procured, or caused the intentional killing of the individual; and,

    3.    That the defendant did so while engaged in offenses punishable under Title 21, United States Code, Section 960(b)(1).

B.   **ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS**

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On May 28, 2020, Defendant agreed with the victim, M.A.R., to import methamphetamine, a Schedule II controlled substance, into the United States. Defendant strapped the methamphetamine to M.A.R. and instructed M.A.R. to cross into the United States at the San Ysidro Port of Entry pedestrian line. The mixture of methamphetamine weighed approximately 1,134 grams (2.5 pounds) and was over 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

2. Instead of crossing into the United States, the victim stole the methamphetamine. In retaliation, Defendant and his co-conspirators worked to kidnap the victim, M.A.R.

3. On May 29, 2020, at approximately 11:57 p.m., Defendant's co-conspirators kidnapped the victim from the Hotel Parador in Tijuana, Mexico. Defendant's co-conspirators punched, kicked, and pistol whipped the victim in order to facilitate the kidnapping and the victim's continued detention.

4. Once Defendant and his co-conspirators kidnapped the victim, they held the victim against his will. Defendant and his co-conspirators called the victim's family and made ransom demands in exchange for his release. Specifically, Defendant and his co-conspirators demanded money ($2,000 to $3,000) or methamphetamine in exchange for the victim's release.

5. On May 30, 2020, Defendant and his co-conspirators intentionally killed the victim by shooting him multiple times in the head. Defendant maintains that he did not shoot the victim, but he agrees that the United States could prove that Defendant counseled, commanded, induced, procured, or caused the death of the victim.

Def. Initials _AVL_

6. Defendant was arrested on June 7, 2021, at the San Ysidro Port of Entry, which is within the Southern District of California.

### III

### PENALTIES

The crimes to which defendant is pleading guilty carries the following penalties:

A.  a maximum sentence of death,[1] and a mandatory minimum 20 years in custody;

B.  a maximum $2,000,000 fine;

C.  a mandatory special assessment of $100 per count;

D.  a term of supervised release of not more than 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E.  forfeiture of all property, real and personal, constituting or derived from proceeds obtained directly or indirectly from the offense, and all property used or intended to be used to commit or to facilitate the commission of the violation.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

---

[1] Defendant understands that, because he was a juvenile at the time he committed the offense, Defendant is ineligible for the death penalty or for mandatory life in prison without the possibility of parole. *See generally Miller v. Alabama*, 567 U.S. 460 (2012).

4                                                  Def. Initials _AM_

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

G. In addition, defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject

5  Def. Initials _____

defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge

6                                        Def. Initials [signature]

the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

    1. Base Offense Level ("BOL") [USSG § 2A1.1]    43
    2. Acceptance of Responsibility [§ 3E1.1]    -3
    3. Appellate Waiver    -2

B. ACCEPTANCE OF RESPONSIBILITY

Def. Initials _____

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

5. Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the defendant has agreed to forfeit as set forth in the attached forfeiture addendum.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and

Def. Initials _AL_

as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. RECOMMENDATION REGARDING CUSTODY

The United States will recommend that Defendant be sentenced within the sentencing guidelines, as calculated by the United States.

G. SPECIAL ASSESSMENT, FINES, FORFEITURE

    a. Special Assessment. The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.

    b. Forfeiture. Defendant agrees and consents to the forfeiture to the United States of all property seized in connection with this case. Defendant consents and agrees to the immediate entry of order(s) of forfeiture as the Government deems necessary. Defendant agrees that upon execution of this plea agreement the Defendant's interest(s) in any and all seized properties is terminated. Defendant waives all rights to receive notices of any and all forfeitures. Defendant agrees that by signing this plea agreement he/she is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States

Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

H. <u>SUPERVISED RELEASE</u>

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including appeal of any underlying juvenile proceedings. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

//

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

- A.  Failing to plead guilty pursuant to this agreement;
- B.  Failing to fully accept responsibility as established in Section X, paragraph B, above;
- C.  Failing to appear in court;
- D.  Attempting to withdraw the plea;
- E.  Failing to abide by any court order related to this case;
- F.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
- G.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any

Def. Initials _____

statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

Def. Initials _AVZ_

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

May 17, 2022                                         *Mario Peia*
_____                          _____
DATED                                      MARIO J. PEIA
                                           Assistant U.S. Attorney

5/17/22                                    [signature]
_____                          _____
DATED                                      JEREMY WARREN
                                           Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

5/17/22                                    [signature]
_____                          _____
DATED                                      ALAN LOMELI-LUNA
                                           Defendant